UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
AMATO'S INC., :
:
                      Plaintiff, :
: **MEMORANDUM &**
    -against- : **ORDER**
:
ACADIA INSURANCE COMPANY, : 3:23-CV-921 (VDO)
:
                    Defendant. :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Before the Court is a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Def. Mot., ECF No. 22.) Plaintiff Amato's Inc. brought this property insurance coverage action against Defendant Acadia Insurance Company, seeking a judgment declaring that Defendant has a duty to cover a loss under an insurance policy and asserting a claim for breach of contract. (First Amended Complaint ("FAC"), ECF No. 15.) For the reasons set forth below, Defendant's unopposed motion is **granted**.

### I.    BACKGROUND

The following facts, accepted as true, are taken from the FAC and from documents upon which the FAC relies and which are integral to the FAC. The Court construes the facts in the light most favorable to Plaintiff.

Defendant issued to Plaintiff a commercial policy of insurance with a policy period of January 2021 through January 2022, bearing Policy No. ADV-5415152-11. (FAC ¶ 3; ECF No. 23-1 at 26.)

On January 7, 2021, a steam pipe located in the steam boiler located at Plaintiff's business premises burst, resulting in flooding of the floor surface area and rendering inventory

unusable. Such inventory was subsequently discarded. (FAC ¶¶ 7,9, 11.) Plaintiff then hired professional emergency cleaners to eradicate the water loss and to prevent additional areas from being destroyed or infested with mold. (*Id.* ¶ 9.) Efforts were required to restore the premises to a functional space. (*Id.* ¶ 12.)

## II.     PROCEDURAL HISTORY

In July 2023, Defendant removed this action from the Superior Court for the Judicial District of Middlesex at Middletown, where Plaintiff filed a complaint on June 14, 2023. (ECF No. 1.) Plaintiff served the initial complaint on June 12, 2023. (ECF No. 1-1 at 2.) On July 18, 2023, Defendant moved for a more definite statement under Rule 12(e). (ECF No. 12.) On September 12, 2023, after Plaintiff failed to timely file a response, the Court granted the motion for a more definite statement and ordered Plaintiff to file an amended complaint. (ECF No. 13.)

Plaintiff filed the First Amended Complaint on September 24, 2023 (ECF No. 15.) On October 5, 2023, Defendant moved to dismiss under Rule 12(b)(6) for failure to state a claim. (Def. Mot., ECF No. 22.) Defendant then requested to correct its motion, which the Court granted without opposition from Plaintiff. (ECF Nos. 24, 31.) To date, Plaintiff has failed to file a response to the pending motion to dismiss.

## III.     LEGAL STANDARD

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Loc. 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal citation omitted). "[T]he court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 83 (D. Conn. 2020).

## IV.   DISCUSSION

Defendant moved to dismiss Plaintiff's First Amended Complaint, contending that the action is untimely under the Policy's two-year suit limitation provision. (Def. Mem., ECF No. 23 at 6–10.) The Court agrees.

The insurance policy includes conditions relating to coverage of commercial property, such as here, including that "[n]o one may bring a legal action against [the insurer] … unless [t]he action is brought within two years after the date on which the direct physical loss or damage occurred." (ECF No. 23-1 at 130.) Consequently, any suit brought under the insurance policy's property coverage is subject to the two-year suit limitation provision and any applicable suspension or tolling. *See Florimon v. Allstate Ins. Co.*, 616 F. Supp. 3d 180, 185

3

(D. Conn. 2022) (dismissing claim in light of contractual suit limitation provisions being enforceable on a motion to dismiss).

"[I]n response to the global pandemic of COVID-19, Governor Lamont declared a public health emergency and civil preparedness emergency throughout the state, pursuant to General Statutes §§ 9a-131a and 28-9[.]" *Casey v. Lamont*, 258 A.3d 647, 651 (Conn. 2021) (internal citation and quotation marks omitted). On March 19, 2020, Governor Lamont issued Executive Order 7G, which suspended certain time limitations concerning civil process, service, and return:

> **Suspension of Non-Critical Court Operations and Associated Requirements.** Notwithstanding any provision of the Connecticut Statutes or of any regulation, local rule or other provision of law, **I hereby suspend, for the duration of this public health and civil preparedness emergency, unless earlier modified or terminated by me, all statutory** (1) location or venue requirements; **(2) time requirements, statutes of limitation or other limitations or deadlines relating to service of process, court proceedings or court filings**; and (3) all time requirements or deadlines related to the Supreme, Appellate and Superior courts or their judicial officials to issue notices, hold court, hear matters and/or render decisions including, but not limited to, the following:

(ECF No. 23-2 at 4–5) (emphasis added).[1] On February 8, 2021, Governor Lamont issued Executive Order 10A, which provided that Order 7G's provisions regarding "all statutory requirements, statutes of limitation or other limitations or deadlines relating to service of process, court proceedings or court filings in civil matters[,]" "shall expire on March 1, 2021[.]" (ECF No. 23-3 at 7.) Therefore, Order 7G's suspension of limitations relating to court filings was in effect from March 19, 2020 to March 1, 2021.

---

[1] The Court takes judicial notice of Governor Lamont's executive orders, which were submitted by the defendant and are published on the State of Connecticut's official online portal. *See* Fed. R. Evid. 201(b); *see also Esposito v. Aldarondo*, No. 22-CV-00621 (MPS), 2023 WL 2228412, at *3 n.2 (D. Conn. Feb. 24, 2023).

Here, because the alleged flooding occurred in January 2021 (FAC ¶ 7), Plaintiff can only recover if Plaintiff served Defendant with process within two years of that incident. *See Roberts v. Amica Mut. Ins. Co.*, No. 14-CV-1589 (SUR), 2015 WL 7458510, at *4 (D. Conn. Nov. 14, 2015) (finding that, under Connecticut law, a suit is "started" or "commenced" when a defendant is served with the summons and complaint). When the limitations period paused on March 19, 2020, the alleged flooding had not occurred and thus, Plaintiff had two years "remaining on the statute of limitations when the clock started re-running on March 1, 2021." *Taylor v. Pillai*, No. 21-CV-623 (SALM), 2022 WL 4080525, at *5 (D. Conn. Sept. 6, 2022) (internal citation and quotation marks omitted). Thus, the new limitations date became March 1, 2023. Plaintiff served the initial complaint on Defendant on June 12, 2023. (ECF No. 1-1 at 2.) Accordingly, Plaintiff's lawsuit is untimely and must be dismissed. *See Florimon*, 616 F. Supp. 3d at 185 (dismissing breach of contract claim for failure to comply with a contractual suit limitation); *see also Roberts*, 2015 WL 7458510, at *5 (denying reconsideration of dismissal of a declaratory judgment action for failure to comply with a contractual suit limitation).

V.   **CONCLUSION**

For the preceding reasons, Defendant's unopposed motion to dismiss (ECF No. 22) is **GRANTED**. In light of the Court's analysis of the relevant limitations period and Plaintiff's failure to state a claim even after being given an opportunity to amend the complaint, it would be futile to allow Plaintiff further opportunity to amend. Accordingly, Plaintiff's First Amended Complaint is dismissed with prejudice. The Clerk is directed to enter judgment and to close the case.

                                                **SO ORDERED.**

Hartford, Connecticut
March 6, 2024

                                                /s/Vernon D. Oliver
                                                VERNON D. OLIVER
                                                United States District Judge